[Civ. No. 10364. First Appellate District, Division Two.—December 3, 1936.]

CITY OF REDWOOD CITY (a Municipal Corporation), Petitioner, v. B. E. MYERS, as Clerk, etc., Respondent.

Albert Mansfield, City Attorney, for Petitioner.

Kirkbride & Wilson and William J. Locke for Respondent.

STURTEVANT, J.—This is an original application by the petitioner asking for a writ of mandate directing the respondent, B. E. Myers, as Clerk of the City of Redwood City, to sign $266,000 bonds alleged to have been duly authorized by the petitioner. The petition appears to be regular in every respect and to show a full compliance by the petitioner with the provisions of an act entitled, ''An act authorizing the incurring of indebtedness by cities, towns, and municipal corporations for municipal improvements, and regulating the acquisition, construction, or completion thereof'', approved February 25, 1901. (Stats. 1901, p. 27.) To the petition filed by the petitioner the respondent interposed a general demurrer. We do not understand him as claiming that the petition is insufficient in any re-

spect, however, he calls to our attention that on August 14, 1931, a statute took effect entitled, "An Act providing for the formation, government and operation of harbor districts, the calling and conducting of elections in such districts of harbor commissioners, defining their powers and duties, and providing for the issuance and disposal of bonds of such harbor districts, and providing for the assessment, levy and collection of taxes for the payment of such bonds and for the ordinary annual expenses of such harbor districts." (Stats. 1931, p. 1483.) He does not claim the said statute in terms created any specific district; but he does claim that San Mateo County Harbor District was thereafter organized under said statute. That claim is based on paragraph IX of the petition, which is as follows:

"That the City of Redwood City has authorized the sale of said bonds herein mentioned and is ready and willing to deliver the same to the purchasers thereof but that the respondent herein who is the Clerk of the City of Redwood City and who is required to sign said bonds by the provisions of the Act under which said bonds were issued has refused to sign the same upon the following grounds:

"1. San Mateo County has been organized as a port district under the provisions of an Act of the Legislature of the State of California (Stats. 1931, page 1483 et seq.). San Mateo County Harbor District therefore has exclusive authority to manage, control and operate ports and all works and facilities situated within the District and to charge and fix the rates for wharfage and other harbor facilities. That accordingly Redwood City has no authority to construct a harbor improvement or to issue bonds therefor as the exclusive authority for this purpose has now been vested in San Mateo County Harbor District.

"2. If Redwood City proceeded at this time to issue bonds and to spend the proceeds thereof for the purpose of constructing said harbor improvement, the jurisdiction over said improvement would nevertheless lie with the San Mateo County Board of Harbor Commissioners and the expenditure of municipal funds for harbor purposes would constitute an unlawful expenditure of public funds and an illegal delegation of the authority of Redwood City for an entirely separate and distinct public corporation, namely the San Mateo County Harbor District.

"3. The taxpayers of Redwood City should not be subjected to taxes for the construction of a harbor which should be constructed by the San Mateo County Harbor District, and all of the taxable property in said District should be subject to liability for the payment of such construction. Under the present scheme the City of Redwood City is being compelled to bear a burden of indebtedness which properly belongs upon the entire San Mateo County Harbor District.

"That the City cannot deliver said bonds until the same are signed by the respondent herein as Clerk of said City for the reason as set forth above, the Clerk is required under the Act under which said bonds were voted to sign the same." Except the contents of paragraph IX the petition is wholly silent on the subject of San Mateo County Harbor District. Said paragraph, it is clear, was an allegation of the claims of the respondent. However, it did not purport otherwise to allege any facts. ■ Assuming solely for the purposes of this proceeding that it was alleged in said paragraph that San Mateo County is organized as San Mateo County Harbor District, that is as far as it can possibly be claimed that anything has been done by said county looking toward the creation of a harbor or the appurtenances of one. There is no allegation that San Mateo County Harbor District has ever exercised, or is now exercising, or performing, any of the functions of a harbor district.

The respondent contends a port district, incorporated to provide public terminal facilities for both sea and land commerce, is a municipal corporation. Without deciding the contention it may be conceded for all of the purposes of this case. He then asserts there cannot be, at the same time within the same territory, two distinct municipal corporations *exercising* the same powers, jurisdictions, and privileges. (1 Dillon, Municipal Corporations, 5th ed., p. 616.) The rule contended for is perfectly sound but the facts of this case do not bring it within the purview of said rule. From what has been stated above it does not appear that the powers, jurisdictions, and privileges of San Mateo County Harbor District are being exercised to any extent whatever. Continuing his argument on this point, the respondent divides it into two parts. In the first part

he asserts because one or more cities may be included within the boundaries of an irrigation, levee, drainage, harbor, or like district does not invalidate the district or impair its exclusive powers over all the territory within the district, including the area of said cities. It is sufficient to remark that the petitioner does not make any claim to the contrary. The second part is that the similar powers of the city within such district can only be preserved by express statutory authority. The answer is they have been so preserved. As will be seen by a comparison of the several provisions of the Act of 1931, the structures over which San Mateo County Harbor District may claim to possess powers are those '' . . . owned and constructed by such harbor district''. But the record does not disclose that said district has constructed anything.

The last point made by the respondent is that the City of Redwood City and the harbor proposed by it to be acquired and developed, lie wholly within the San Mateo County Harbor District and, therefore, the purposes for which the bonds herein are proposed to be issued are *ultra vires* and the bonds issued are void. That contention rests wholly on the legal effect the respondent contends for as growing out of and based on the propositions hereinabove discussed. It is clear, therefore, that there is nothing in the record supporting the contention of the respondent.

It is ordered that a peremptory writ of mandate issue as prayed for in the petition.

Nourse, P. J., and Spence, J., concurred.